UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP 0 7 2010
Clerk, U.S. District and
Bankruptcy Courts

Marta Martinez, )
 )
Plaintiff, )
 )
v. ) Civil Action No. 10-1506
 )
Rosales Law Firm, LLP, )
 )
Defendant. )

MEMORANDUM OPINION

This matter is before the Court on its initial review of the plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The plaintiff is a resident of El Paso, Texas, suing a law firm based there.[1] The complaint allegations are mostly unclear but the plaintiff accuses the law firm of deceptive trade practices, misrepresentation and various other misdeeds that do not appear to stem from an attorney-client relationship with her. *See* Compl. at 5. In any event, the complaint reveals no basis for federal court jurisdiction or any notice of a claim. It therefore will be dismissed.[2]

*[signature]*
United States District Judge

Date: August 30, 2010

---

[1] The plaintiff also lists 12 "Statutory & U.S. Constitutional Interpleaders," Case Caption, but the complaint is too vague to determine whether grounds exist for them to "be joined as defendants and required to interplead." Fed. R. Civ. P. 22.

[2] A separate Order of dismissal accompanies this Memorandum Opinion.